NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 880

IN RE VOLKSWAGEN OF AMERICA, INC.
(now known as Volkswagen Group of America, Inc.),

Petitioner.

On Writ of Mandamus from the United States District Court for the Eastern District of Michigan in case no. 07-CV-14992, Senior Judge John Corbett O'Meara.

ON PETITION FOR WRIT OF MANDAMUS

Before MAYER, LOURIE, and DYK, <u>Circuit Judges</u>.

MAYER, <u>Circuit Judge</u>.

## O R D E R

Volkswagen Group of America, Inc. (VW) petitions for a writ of mandamus directing the United States District Court for the Eastern District of Michigan to vacate its orders transferring VW's federal claims to the United States District Court for the Eastern District of Texas and to vacate its order dismissing VW's state law claims.

On July 13, 2007, MHL Tek, LLC (MHL) filed a patent infringement action in the Eastern District of Texas against 21 automakers, including VW, alleging infringement of three patents involving automotive tire pressure monitoring systems.  On November 21, 2007, VW filed suit against MHL, Animatronics, Inc., McLaughlin Electronics, Inc., Michael Handfield, and Helen Laliberte in the Eastern District of Michigan seeking declaratory relief that VW does not infringe the same patents in the Texas litigation and that the patents are invalid and unenforceable; alleging state law claims of unfair competition, defamation and trade disparagement, and abuse of process; and alleging

violation of the Lanham Act. In March 2008, MHL filed a second infringement action in the Eastern District of Texas against a second group of automakers.

The Michigan district court declined to exercise supplemental jurisdiction over VW's state law claims and dismissed those claims. MHL et al. also moved to transfer the Michigan action to Texas or dismiss, pursuant to the first to file doctrine. On June 30, 2008, the court granted MHL's motion to transfer, finding that the Texas action, filed four months before the Michigan action, had progressed significantly to the point of discovery, and that the parties in the two actions and the issues at stake were substantially similar.[*] The court also rejected VW's argument that it should retain the case as the more convenient forum pursuant to 28 U.S.C. § 1404(a), finding that retaining the case would be a waste of judicial resources and risk inconsistent rulings on the patents at issue.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985).

In reviewing a district court's decision to exercise supplemental jurisdiction over state law claims and in reviewing the decision to transfer pursuant to § 1404(a), we

---

[*] In addition to MHL, the other defendants are MHL's owners and the inventors.

would apply the law of the regional circuit.  See Storage Tech. Corp. v. Cisco Sys., Inc., 329 F.3d 823, 836 (Fed. Cir. 2003).  The Sixth Circuit reviews a district court's decision whether to exercise jurisdiction over state law claims and a decision whether to transfer pursuant to section 1404(a) for an abuse of discretion.  See Landefeld v. Marion Gen. Hosp., Inc., 994 F.2d 1178, 11882 (6th Cir. 1993); Zomba Enter., Inc. v. Panorama Records, Inc., 491 F.3d 574, 588 (6th Cir. 2007).  "Where a matter is committed to [the trial court's] discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'"  Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. at 35.  Because VW challenges the district court's exercise of discretion, it faces a high burden to show that its right to a particular result is clear and indisputable.  Id.

Concerning dismissal of the state law claims, VW has not shown that it could not obtain review of this issue on appeal from any final judgment.  Thus, it has not met its burden to obtain a writ of mandamus on this issue.  Mallard, 490 U.S. at 309.

Concerning the district court's decision to transfer the action, VW argues that the Michigan district court erred in transferring the Michigan action to Texas under § 1404(a) because VW does not believe that the Texas district court will have personal jurisdiction over some of the defendants and because VW believes that Texas is an inconvenient forum.   Regarding personal jurisdiction, the district court disagreed, stating that VW was "merely stat[ing] that the Defendants do not reside in the Eastern District of Texas with no mention that a long-arm statute or minimal contacts analysis could allow for personal jurisdiction in the Eastern District of Texas."  Counsel for MHL notes that Animatronics and the inventors consented to personal jurisdiction in the Eastern District of Texas, and that the other defendant, McLaughlin Electronics, Inc., was not served with the complaint

because it is defunct. Nonetheless, if the Eastern District of Texas were to dismiss any of the defendants for lack of personal jurisdiction, VW could of course obtain review of that ruling later on appeal from any final judgment.

Concerning VW's argument that the convenience factors disfavor transfer to the Texas district court, VW makes only general assertions regarding convenience and falls short of satisfying the difficult burden of showing that it has a clear and indisputable right to issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

    Sept. 26, 2008                        /s/ Haldane Robert Mayer
         Date                                 Haldane Robert Mayer
                                           Circuit Judge

cc:    Michael J. Lennon, Esq.
        David C. Doyle, Esq.

s20