# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 897

IN RE VOLKSWAGEN OF AMERICA, INC.
(now known as Volkswagen Group of America, Inc.),
VOLKSWAGEN AG, and AUDI AG,

Petitioners.

Michael J. Lennon, Kenyon & Kenyon LLP, of New York, New York, for petitioners. With him on the petition were Mark A. Hannemann, of New York, New York and Susan A. Smith, of Washington, DC.

David C. Doyle, Morrison & Foerster LLP, of San Diego, California, for respondent. With him on the response were Mark Andrew Woodmansee. Of counsel on the response were Samuel F. Baxter, McKool Smith, P.C., of Marshall, Texas; Garret W. Chambers and Rosemary T. Snider, of Dallas, Texas; and John F. Garvish II, of Austin, Texas.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas

Judge T. John Ward

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 897

IN RE VOLKSWAGEN OF AMERICA, INC.
(now known as Volkswagen Group of America, Inc.),
VOLKSWAGEN AG, and AUDI AG,

Petitioners.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 2:07-CV-00289, Judge T. John Ward.

ON PETITION FOR WRIT OF MANDAMUS

Before GAJARSA, FRIEDMAN, and LINN, <u>Circuit Judges</u>.

LINN, <u>Circuit Judge</u>.

O R D E R

Volkswagen Group of America, Inc. et al. ("Volkswagen") petition for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its orders denying petitioners' motion to transfer venue, and to direct that court to transfer the case to the United States District Court for the Eastern District of Michigan. MHL, Tek, LLC ("MHL") opposes. Petitioners reply. MHL moves for leave to file a sur-reply.

MHL is a small Texas company operated out of its offices in Rochester Hills, Michigan. It has initiated two suits in the Eastern District of Texas asserting patent infringement against a total of thirty foreign and United States automobile companies.

In the first suit, from which we receive this petition, MHL sued petitioner Audi AG, a German corporation headquartered in Ingolstadt, Germany; Audi of America, a New Jersey company headquartered in Herndon, Virginia; Nissan Motor Co., a Japanese company headquartered in Tokyo, Japan; Nissan North America, Inc., a California

company headquartered in Nashville, Tennessee; Nissan Technical Center North America, Inc., a Delaware company headquartered in Farmington Hills, Michigan; Hyundai Motor Co., a South Korean company headquartered in Seoul, South Korea; Hyundai Motor America, a California company headquartered in Fountain Valley, California; Hyundai Motor Manufacturing Alabama LLC, a Delaware company headquartered in Montgomery, Alabama; Kia Motors Corporation, a South Korean company headquartered in Seoul, South Korea; Kia Motors America, Inc., a California company headquartered in Irvine, California; Dr. Ing. h.c. F. Porsche AG, a German company headquartered in Stuttgart, Germany; Porsche Cars North America, Inc., a Delaware company headquartered in Atlanta, Georgia; Bayerische Motoren Werke AG, a German company headquartered in Stuttgart, Germany; BMW of North America LLC, a Delaware company headquartered in Woodcliff Lake, New Jersey; BMW Manufacturing Co., LLC, a Delaware company headquartered in South Greer, South Carolina; Isuzu Motors Limited, a Japanese company headquartered in Tokyo, Japan; Isuzu Motors America, Inc., a Michigan company headquartered in Cerritos, California; Subaru of America, Inc., a New Jersey company headquartered in Cherry Hill, New Jersey; Subaru of Indiana Automotive, Inc., an Indiana company headquartered in Lafayette, Indiana; petitioner Volkswagen AG, a German company headquartered in Wolfsburg, Germany; and petitioner Volkswagen of America, Inc., a New Jersey corporation headquartered in Herndon, Virginia.

In the second suit, MHL sued eight additional international automobile companies on the same patents, including the General Motors Corporation, a Delaware company headquartered in Detroit, Michigan; Saturn Corporation, a Delaware company

headquartered in Spring, Hill, Tennessee; Ford Motor Company, a Delaware company headquartered in Dearborn, Michigan; Land Rover North America, Inc., a Delaware company headquartered in Irvine, California; Volvo Cars of North America, LLC, a Delaware company headquartered in Irvine, California; Chrysler, LLC, a Delaware company headquartered in Auburn Hills, Michigan; Mercedes-Benz USA, LLC, a Delaware company headquartered in Montvale, New Jersey; and Mercedes-Benz U.S. International, Inc., an Alabama company headquartered in Tuscaloosa, Alabama.

In a third suit, Volkswagen Group of America, Inc. filed a declaratory judgment action in the Eastern District of Michigan against MHL. That case was transferred to the Eastern District of Texas to avoid wasting judicial resources and the risk of inconsistent rulings on the same patents. We denied a petition for a writ of mandamus seeking to vacate the Eastern District of Michigan's transfer order. In re Volkswagen of Am., Inc., 296 Fed. App'x 11 (Fed. Cir. 2008).

The Texas district court denied the petitioners' request to transfer the first suit to the Eastern District of Michigan, citing, inter alia, the judicial economy that would result from having one court decide all of these related patent issues.

The petitioners ask us for a writ of mandamus directing the Eastern District of Texas to vacate its denial order and transfer the case pursuant to 28 U.S.C. § 1404(a). The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and

indisputable," <u>Allied Chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980) (internal quotation marks omitted).  Mandamus relief in § 1404(a) cases is only permitted when the petitioner is able to demonstrate that the denial of transfer was a "clear" abuse of discretion such that refusing transfer produced a "patently erroneous result."  <u>In re Volkswagen of Am., Inc.</u>, 545 F.3d 304, 312 (5th Cir. 2008) (en banc).  A suggestion that the district court abused its discretion, which might warrant reversal on a direct appeal, is not a sufficient showing to justify mandamus relief.  <u>Id.</u>

As discussed in detail in this court's opinion in <u>In re Genentech</u>, also issued today, the Fifth Circuit applies the "public" and "private" factors for determining <u>forum non conveniens</u> when assessing whether a defendant has met its burden of demonstrating the need to transfer.  <u>See generally</u> <u>In re TS Tech USA Corp.</u>, 551 F.3d 1315, 1319 (Fed. Cir. 2008); <u>In re Volkswagen of Am., Inc.</u>, 545 F.3d 304 (5th Cir. 2008) (en banc).  In this case, the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.  As the Supreme Court noted in <u>Continental Grain Co. v. The FBL-585</u>, 364 U.S. 19, 26 (1960), "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  <u>See also</u> <u>Regents of Univ. of Cal. v. Eli Lilly & Co.</u>, 119 F.3d 1559, 1565 (Fed. Cir. 1997) ("[I]n a case such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues.").

Although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources. Because the district court's decision is based on the rational argument that judicial economy is served by having the same district court try the cases involving the same patents, mandamus is inappropriate under our precedents.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)    MHL's motion to file a sur-reply is granted.

(2)    The petition for mandamus is denied.

FOR THE COURT

___May 22, 2009___
        Date

/s/ Jan Horbaly_____
Jan Horbaly
Clerk

cc:    Michael J. Lennon, Esq.
       David C. Doyle, Esq.
       Clerk, United States District Court for the Eastern District of Texas, Marshall Division

Misc. 897                                    5