NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE VICOR CORPORATION,**
*Petitioner.*

---

Miscellaneous Docket No. 120

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 11-CV-0054, Judge Michael H. Schneider.

---

**ON PETITION**

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## ORDER

Vicor Corporation seeks a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its order denying Vicor's motion to transfer the case to the United States District Court for the District of Massachusetts and remand with instructions to transfer the case accordingly. SynQor, Inc. opposes. Vicor replies.

In a previous lawsuit filed in the Eastern District of Texas, SynQor charged a number of manufacturers of bus converters, which are power converter systems used to supply power to logic and other circuitry on computer equipment, with infringement of five of SynQor's patents. While Cisco Systems, Inc. was not a defendant in that action, many of its end products incorporated the accused defendants' bus converters and were presented to the jury as evidence of infringement. After the jury found infringement, the district court enjoined the defendants from continued sale of their bus converters to Cisco and other purchasers.

After the trial, the district court established a severed action to handle post-injunction damages issues and a motion for contempt as to Cisco (SynQor I). These matters remain pending in the Eastern District of Texas. When the original presiding Magistrate Judge and district court judge both retired, SynQor I was assigned to Judge Schneider.

In January 2011, SynQor filed the current lawsuit in the Eastern District of Texas (SynQor II). The complaint in this case charges Vicor and Cisco with infringement of the same patents from SynQor I, plus one additional patent, issued after SynQor I was tried. Like SynQor I, SynQor II is before Judge Schneider. Vicor moved to transfer SynQor II to the District of Massachusetts pursuant to 28 U.S.C. § 1404, arguing that trial in the transferee venue would be more convenient because SynQor and Vicor are both headquartered in Massachusetts.

The district court denied that motion. The district court acknowledged that given SynQor and Vicor's presence in Massachusetts, the local interest, witness convenience, and location of the sources of evidence all favored transfer to Massachusetts. However, the court concluded

that judicial economy weighs heavily against transfer because of the "significant overlap with SynQor I." The court explained that "judicial economy would be served by maintaining in the same court two cases that involve the same plaintiff, the same patents, and some of the same patents."

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). That standard is an exacting one, requiring the petitioner to establish that the district court's decision amounted to a failure to meaningfully consider the merits of the transfer motion. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010) ("In sum, there are some cases where to hold a trial court to a meaningful application of the § 1404(a) factors presents only one correct outcome. . . A case such as this, however, shows that a meaningful application of the factors often creates a range of choice. Under such circumstances, it is entirely within the district court's discretion").

We have held that the existence of multiple lawsuits involving the same issues "is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Judicial economy may be served even when "two related cases before the same court may not involve the same defendants and accused products." *Vistaprint*, 628 F.3d at 1344.

Vicor has not made a compelling showing that the overlap between *SynQor I* and *SynQor II* is insufficient, particularly in light of the fact that in each case it appears the trial court will have to analyze and be familiar with some of the same Cisco products and SynQor patents. The district court has already addressed and re-

jected Vicor's arguments that judicial economy here does not weigh heavily against transfer, and we are not prepared to hold that the court's conclusion in that regard was plainly incorrect. In sum, Vicor has not demonstrated that it is entitled to this extraordinary remedy.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

FOR THE COURT

**JUL 2 6 2012**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Carter G. Phillips, Esq.
     Robert E. Hillman, Esq.
     Clerk, United States District Court for the Eastern
District of Texas

s24

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 26 2012

JAN HORBALY
CLERK