CORRECTED: MAY 5, 2014
NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**IN RE MICROSOFT CORPORATION,**
*Petitioner.*

―――――――――――

2014-123

―――――――――――

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 6:12-cv-00663-LED, Judge Leonard Davis.

―――――――――――

## ON PETITION

―――――――――――

Before LOURIE, DYK, and REYNA, *Circuit Judge.*

LOURIE, *Circuit Judge.*

## O R D E R

PersonalWeb Technologies, LLC filed more than a dozen complaints at the United States District Court for the Eastern District of Texas, charging among others, Microsoft Corporation, Yahoo!, Inc., and Apple, Inc. with infringement of the same patents. Each of those defendants moved to transfer its respective cases to where it was headquartered, asserting that the locale of evidence and witnesses would make such venues more convenient for trial. 28 U.S.C. § 1404(a).

The district court granted Apple's motion, but denied Microsoft and Yahoo!'s requests, noting that its familiarity with the patents created judicial economy that favored keeping those cases together in the Eastern District of Texas. Microsoft alone has petitioned this court for a writ of mandamus, arguing, among other things, that if the court's familiarity with the patents should not preclude transfer of Apple's case then it likewise should not prevent transfer of the case against Microsoft to the Western District of Washington.

Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct denials of transfer that were clear abuses of discretion under governing legal standards. *See, e.g., In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *accord In re Volkswagen of Am.*, Inc., 545 F.3d 304 (5th Cir. 2008) (en banc).

Although the question of transfer in this case is close, we cannot say that the district court's determination amounted to a clear abuse of discretion. The Supreme Court has emphasized that judicial economy should play a role in transfer matters. *See Van Dusen v. Barrack*, 376 U.S. 612, 643-46 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). The Yahoo! suit remains in the Eastern District of Texas and Yahoo! has not filed a petition seeking transfer. Even though Microsoft and Apple are similarly situated with regard to the court's familiarity with the patents, the court additionally noted

that Microsoft's accused technology apparently underlies at least one of Yahoo!'s products at issue.\*

Deference as to the proper administration of justice is particularly appropriate in this type of circumstance, where the trial court is "familiar with [an] . . . asserted patent and the related technology . . . coupled with the fact there is co-pending litigation before the trial court involving the same patent and underlying technology" and, as the district court noted, Microsoft and Yahoo! plan on calling at least some of the same witnesses. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010); *In re Volkswagen of Am., Inc.*, 566 F.3d 1349 (Fed. Cir. 2009); *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559 (Fed. Cir. 1997).

Microsoft attempts to characterize the overlap between the case against itself and Yahoo! as "minimal." Reply to Petition at 11. But by Microsoft's own prior admission, "[c]onsiderations of judicial economy and efficiency here include the fact that defendant Microsoft has an indemnity relationship with defendant Yahoo! (with regard to Microsoft's 'Bing' search engine, identified by PersonalWeb as underlying Yahoo!'s accused search engine) . . . ." Exhibit 43 to Petition at 10-11. These statements certainly undermine Microsoft's argument that it was unreasonable for the district court to weigh judicial economy against transfer.

Although judicial economy cannot dominate the § 1404(a) analysis, which generally calls for transfer where the convenience factors strongly weigh in favor of the transferee forum, the district court's conclusion did

---

\*   Because Yahoo!'s recent motion to sever and stay the related claims was not raised to the district court with regard to transfer or addressed in the petition, we will not consider its impact on the transfer analysis.

not rest entirely on judicial economy.  It noted that any documentary sources of proof and employee witnesses of PersonalWeb would reside in the Eastern District of Texas.  It further found that the Western District of Washington had no authority to compel a non-party witness to testify.  Under these circumstances and the relatedness of the suits against Microsoft and Yahoo!, it is not entirely self-evident that the transferee venue is more convenient and that transfer would be in the interest of justice.  We therefore cannot say that Microsoft has met the demanding standard for mandamus relief.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT
/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s19