BRYSON, Circuit Judge,
dissenting.
I would deny the petition. The magistrate judge, whose decision was affirmed by the district judge, carefully considered all of the relevant factors bearing on the transfer decision. Based on his analysis of those factors, he reached a reasonable conclusion that transfer should be denied. While the majority finds fault with the magistrate judge’s analysis in several particulars, the criticisms are overblown. More fundamentally, the majority has given short shrift to the extremely limited nature of our reviewing authority in a proceeding such as this. As is clear from Fifth Circuit law, which applies here, mandamus will be granted to overturn a decision on a transfer motion only when the district court has clearly abused its discretion, resulting in a patently erroneous result. In re Volkswagen of Am., Inc., 545 F.3d 304, 310 (Fed.Cir.2008). I do not believe the transfer decision in this case reflects a “clear abuse of discretion” or comes even close to being “patently erroneous.”
As the majority acknowledges, the magistrate judge’s opinion addresses each of the traditional factors bearing on the transfer decision, finding that two factors (convenience of the witnesses and relative ease of access to sources of proof) favored transfer, some factors were neutral, and one factor (practical problems) disfavored transfer. After balancing the relevant factors, the magistrate judge concluded that “Apple has not shown that it is clearly more convenient for the parties and witnesses to transfer the instant case” to the Northern District of California.
The majority first criticizes the court for not addressing the availability of all six of the third-party witnesses or entities identified by Apple as being located in the Northern District of California. In its brief in the district court, Apple identified only one of those witnesses, Patrick King. The magistrate judge’s opinion fully addressed Mr. King’s situation, noting that Apple had not represented that he would decline to appear voluntarily in Texas and that Apple had made no representations as to the general nature of his testimony.
The majority does not take issue with the magistrate judge’s analysis in that respect. Instead, the majority criticizes the magistrate judge for not discussing the *891 other five third-party witnesses and organizations, which Apple referred to for the first time in its reply brief in the district court. But it is well settled, in the Eastern District of Texas and elsewhere, that a district court has discretion to disregard evidence offered for the first time in a reply brief. See, e.g., Flooring Sys., Inc., v. Chow, 2013 WL 4674667, at *1 n. 2 (E.D.Tex. Aug. 29, 2013); Miles Bramwell USA, LLC v. Weight Watchers Int'l, Inc., 2013 WL 1797031, at *4 (E.D.Tex. Mar. 27, 2013) ; Nearstar, Inc. v. Waggoner, 2011 WL 817374, at *4 (E.D.Tex. Mar. 2, 2011); Lawyers Title Ins. Corp. v. Doubletree Partners, L.P., 2009 WL 901128, at *2 n. 1 (E.D.Tex. Mar. 30, 2009); Digital Generation, Inc. v. Boring, 869 F.Supp.2d 761, 771 (N.D.Tex.2012); Narvaez v. Wilshire Credit Corp., 757 F.Supp.2d 621, 633 n. 11 (N.D.Tex.2010); Brown v. Bridges, 2014 WL 2777373, at *2 (N.D.Tex. June 19, 2014) .
If Apple had in mind third-party witnesses that it wanted to call but was concerned that it could not subpoena them, it should have identified those "witnesses in its motion. The reason that the witnesses appeared for the first time in Apple’s reply brief was that they were witnesses identified by EON, and thus presumably were witnesses that EON, not Apple, intended to call. An argument that a witness for the other side would be outside the court’s subpoena power is not a convincing basis for a party to seek transfer.
There is a further problem with Apple’s reference to the five new witnesses and organizations to which it referred in its reply brief. Numerous cases have held that with respect to third-party witnesses, it is the burden of the party seeking transfer to show (1) that the witnesses would be unwilling to travel to the transferor district and (2) that the witnesses’ testimony would be important to the issues at trial.[1] A sampling of those cases follows: Stephenson v. Game Show Network, LLC, 933 F.Supp.2d 674, 679 (D.Del.2013) (“Given that defendants simply speculate that this non-party witness would be unwilling to travel, this factor weighs against transfer.”); FC Inv. Grp. LC v. Lichtenstein, 441 F.Supp.2d 3, 14 (D.D.C.2006) (“When analyzing the convenience of parties and witnesses, a defendant must show that witnesses would be unwilling to testify in the [transferor district].”); Samsung Elecs. Co. v. Rambus Inc., 386 F.Supp.2d 708, 718-19 (E.D.Va.2005) (“The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.... Additionally, the moving party must demonstrate ‘whether that witness is willing to travel to a foreign jurisdiction.’ Merely stating that potential witnesses reside beyond a forum’s subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of compulsory process.”) (internal quotation marks and citations omitted); Kiss My Face Corp. v. Bunting, 2003 WL 22244587, at *4 (S.D.N.Y. Sept. 30, 2003) (transfer denied where movant “failed to provide the Court with any affidavits from potential witnesses stating that such witnesses *892 would not voluntarily appear absent transfer”); Thayer/Patricof Educ. Funding v. Pryor Res., Inc., 196 F.Supp.2d 21, 33 (D.D.C.2002) (same); USES Mfg., Inc. v. Rocky Mountain Inst. Research, 94 F.Supp.2d 218, 224 (D.Conn.1999) (transfer movant did not state what non-party witnesses would testify about, “making it impossible for the Court to determine their relevance or importance” to the case, or “whether these witnesses would be unwilling to voluntarily travel to Connecticut, or would be unable to do so without extreme hardship”).
Apple has not satisfied its burden in either of those two respects. Instead, it has simply listed the six witnesses without even suggesting that any of them would be unwilling to travel to Texas. In addition, of the five witnesses that the district court did not discuss, three are institutions, including two law firms. EON represented in the district court, however, that the individuals with knowledge in those two law firms live in Virginia, Florida, and Delaware, not in the Northern District of California. The other organizational “witness,” Intellectual Ventures, is a patent assertion entity. Apple has provided no information as to what anyone from that entity could offer at trial. Of the two human witnesses, the record shows that one of them, Lauren Battaglia, is associated with EON and has testified for EON on several occasions in the Eastern District of Texas, so there appears to be no issue of compulsory process as to her. And as to the last individual, the other patent prosecutor, Apple has not suggested what evidence he could provide, what its importance to the case would be, and whether he would balk at having to travel to Texas.[2]
The majority next criticizes the magistrate judge for “failing to give proper weight to the convenience of the witnesses factor.” The magistrate judge, however, found that the convenience of the witnesses favored transfer. The majority’s position thus seems to be not that the district court ignored that factor, or even erred in failing to find that it favored transfer; instead, the majority’s position seems to be that the district court did not weigh that factor heavily enough. That determination is not consistent with the role this court is supposed to play in reviewing district court transfer decisions on mandamus, where the district court’s decision must be respected unless it is “patently erroneous.”
Finally, the majority concludes that the district court “erred by improperly assessing the weight of the practical problems factor.” The majority finds that the district court erred in weighing that factor because, “although the Eastern District of Texas has prior experience in construing this family of patents, so too does the Northern District of California.” In fact, however, as the district court found, the Eastern District of Texas has much greater familiarity with the patents than does the Northern District of California. While the Northern District of California has construed one of the asserted patents on one occasion, the Eastern District of Texas has construed all but one of the four asserted patents on multiple occasions, and the trial court there has been actively presiding over litigation involving three of the four patents-in-suit since 2008. Apple admits as much in its petition, where it acknowledges that the Eastern District of *893 Texas “has construed the terms of the '101 patent four times and the '491 patent three times.” Petition at 20 n. 5.
The judicial efficiency factor was the most important to the district court, and with good reason. The Eastern District of Texas clearly has had much more experience in dealing with the set of patents at issue in this case than has the Northern District of California. Moreover, the Eastern District of Texas already has cases pending that are not being transferred and that involve those patents. Those considerations reasonably led the district court to find that “significant judicial economy will be realized if this Court retains the above captioned case,” and thus that the judicial efficiency factor disfavored transfer. The court’s finding as to the judicial efficiency factor is well supported and has been invoked as an important consideration bearing on the transfer decision. See In re Volkswagen of Am., Inc., 566 F.3d 1349, 1351 (Fed.Cir.2009) (“[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.”); In re Vicor Corp., 493 Fed.Appx. 59, 61 (Fed. Cir.2012).
The majority does not point to any factual or legal error by the district court with regard to the judicial efficiency factor, but simply disagrees with the district court as to the importance of that factor. Once again, however, a judgment as to the relative importance of one of the transfer factors should not be the basis for taking the exceptional step of granting a writ of mandamus.
In In re Vistaprint Ltd., 628 F.3d 1342 (Fed.Cir.2010), this court made precisely that point in a setting similar to the one before us today. In that case, the district court found that the convenience factors favored transfer but that considerations of judicial economy outweighed the convenience factors; the court therefore denied transfer. This court denied a request for mandamus, noting that the transfer statute “balances a number of case-specific factors, not just convenience,” and that it “commits the balancing determination to the sound discretion of the district court.” Id. at 1346. The court added:
Our reluctance to interfere is not merely a formality, but rather a longstanding recognition that a trial judge has a superior opportunity to familiarize himself or herself with the nature of the case and the probable testimony at trial, and ultimately is better able to dispose of these motions.
Id. The court’s analysis in the Vistaprint case is equally applicable here and should lead to the denial of the petition for mandamus.
Even if the majority were correct that the district court did not adequately consider some of the factors bearing on the transfer decision, it is hard to understand why the remedy is to grant the writ and order the case transferred, rather than simply directing the district court to consider the factors that the court believes were ignored. The only explanation for the majority’s decision in this regard is that, while purporting to base its decision on the district court’s failure to consider all the evidence bearing on the transfer issue, the majority in fact has chosen simply to substitute its judgment for that of the district court as to whether transfer should be ordered. The record in this case does not, in my view, justify such a step.
In sum, I cannot agree with the majority that mandamus is appropriate in this case, particularly in light of the very high barrier presented by the requirements for the issuance of a writ of mandamus, which is reserved for “extraordinary situations to correct a clear abuse of discretion or usur *894 pation of judicial power.” In re Nintendo Co., 589 F.3d 1194, 1197 (Fed.Cir.2009).
If we mean what we say when we say that mandamus is reserved for those cases in which the district court “failed to meaningfully consider the merits of the transfer motion,” Barnes & Noble, 743 F.3d at 1383, then we should surely deny the petition here. Even if the court should have adverted to the two witnesses and three institutions referred to for the first time in Apple’s reply brief, the rest of the court’s analysis is quite thorough; the court cannot fairly be charged with having failed to give “meaningful consideration” to the merits of the motion to transfer.
I fear that the majority has committed the error that the Supreme Court warned against in Will v. United States, 389 U.S. 90, 98, 88 S.Ct. 269, 19 L.Ed.2d 305 n.6 (1967), where the Court cautioned that “Courts faced with petitions for the peremptory writs must be careful lest they suffer themselves to be misled by labels such as ‘abuse of discretion’ and ‘want of power’ into interlocutory review of nonappealable orders on the mere ground that they may be erroneous.” See also In re Volkswagen of Am., Inc., 566 F.3d at 1351 (“A suggestion that the district court abused its discretion, which might warrant reversal on a direct appeal, is not a sufficient showing to justify mandamus relief.”); In re Volkswagen of Am., Inc., 545 F.3d at 312 (“But — and we stress — in no case will we replace a district court’s exercise of discretion with our own; we review only for clear abuses of discretion that produce patently erroneous results.”).
I respectfully dissent from the order granting the writ of mandamus.

. The willingness of third-party witnesses to attend trial has been regarded as important in myriad cases. In one of our cases, In re Barnes & Noble, Inc., 743 F.3d 1381, 1383 (Fed.Cir.2014), we found no error in the district court’s imposing the burden on the defendant-movant to show that third-party witnesses would be unable or unwilling to travel. Moreover, the cases cited in the text treat a witness's expression of willingness to appear as sufficient to overcome concerns that the witness is not subject to compulsory process within the transferor district.

. In its petition, Apple adds a reference to another EON-related witness, who was not referred to in its reply brief in the district court. Obviously, the district court cannot be criticized for not having adverted to that witness, but in any event the witness is associated with EON, and there is no suggestion in Apple’s petition that it intends to call that individual as a witness.