# United States Court of Appeals for the Federal Circuit

---

**IN RE VISTAPRINT LIMITED AND OFFICEMAX INCORPORATED,**
*Petitioners.*

---

Miscellaneous Docket No. 954

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 09-CV-0323, Judge Leonard Davis.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

THOMAS J. FRIEL, JR., Cooley LLP, of Palo Alto, California, for petitioners Vistaprint Limited and Officemax Incorporated. With him on the petition were LORI R.E. PLOEGER and MATTHEW P. GUBIOTTI. Of counsel on the petition was CHRISTOPHER C. CAMPBELL, of Reston, Virginia.

MICHAEL W. SHORE, Shore Chan Bragalone DePumpo LLP, of Dallas, Texas, for respondent Colorquick, L.L.C. With him on the response were ALFONSO GARCIA CHAN, JUSTIN B. KIMBLE, THERESA DAWSON and DANIEL F. OLEJKO.

---

Before GAJARSA, SCHALL, and MOORE, *Circuit Judges*.

SCHALL, *Circuit Judge*.

## O R D E R

Vistaprint Limited (Vistaprint) and OfficeMax Incorporated (OfficeMax), the defendants in a patent infringement action, seek a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its July 22, 2010 order and transfer the case to the United States District Court for the District of Massachusetts. The plaintiff in the action, ColorQuick, L.L.C. (ColorQuick), opposes.

I.

ColorQuick, a New Jersey limited liability company, brought this suit in the Eastern District of Texas, charging the petitioners with infringement of its patent relating to preparing production data for printing. Although Vistaprint is a foreign corporation, one of its wholly-owned subsidiaries, Vistaprint USA, Inc., which is not a party to these proceedings, apparently has a large presence in Massachusetts. A motion was made to transfer to the federal district court in that venue, which, according to the petitioners, is close to the residences of many of Vistaprint USA, Inc.'s employees who may serve as witnesses at trial and where many of the petitioners' documents that may be evidence are stored. OfficeMax is a Delaware corporation with its principal place of business in Illinois. The accused OfficeMax services are operated by Vistaprint for OfficeMax.

The district court denied the motion, weighing considerations of convenience in favor of transfer, but ultimately concluding that such considerations did not outweigh the importance of judicial economy. Specifically, the court noted that it had substantial experience with the patent-

in-suit based on prior litigation involving the plaintiff, which included a hearing and lengthy opinion construing various claim terms. The court further noted that there was also a second, co-pending case before the court between the plaintiff and another defendant involving the same patent-in-suit, pertaining to the same underlying technology, and involving similar accused services.

## II.

### A.

Mandamus is an extraordinary remedy, available only upon a demonstration by the petitioner of a "clear and indisputable" right to the relief sought. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). In this case, that requires the petitioners to demonstrate that the court's denial of transfer was so patently erroneous as to amount to a clear abuse of discretion. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc) (*Volkswagen I*). Because this petition does not raise issues unique to our jurisdiction, we apply the law of the regional circuit in which the district court sits, in this case the law of the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). In determining whether the transferee venue is clearly more convenient, the Fifth Circuit applies the public and private factors used in *forum non conveniens* analysis. *Volkswagen I*, 545 F.3d at 314 n.9.

### B.

A trial court has broad discretion in transfer decisions pursuant to 28 U.S.C. § 1404(a),[1] but that is not the same

---

[1]    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a).

as saying that it may accord weight simply as it pleases. Our recent decision in *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010), makes clear that where the convenience factors strongly weigh in favor of the transferee venue, a decision to deny transfer based solely on "negligible" judicial efficiencies may be such a clear abuse of discretion as to warrant extraordinary relief. According to the petitioners, the trial court here gave inappropriate weight to judicial economy considerations.

We cannot say, however, that the weight the court afforded judicial economy here amounted to a "patently erroneous result." *Volkswagen I*, 545 F.3d at 310. Even if it was the magistrate and not the trial judge who gained substantial experience in construing the patent claims during prior litigation, it was not plainly incorrect to conclude that having the same magistrate judge handle this and the co-pending case involving the same patent would be more efficient than requiring another magistrate or trial judge to start from scratch. Similarly, even if trying these two related cases before the same court may not involve the same defendants and accused products, it does not appear on its face erroneous to conclude that maintaining these two cases before the same court may be beneficial from the standpoint of judicial resources.

## C.

Because the district court has taken the plausible position that denial of transfer would preserve judicial economy, the petitioners are only left with their arguments that the balance of considerations was improper. In this regard, the petitioners essentially urge that it is always improper for a district court to deny transfer based on judicial economy when all of the convenience factors clearly favor transfer. ColorQuick cites several cases,

specifically *In re Volkswagen of America, Inc.*, 566 F.3d 1349 (Fed. Cir. 2009) (*Volkswagen II*), *Regents of the University of California v. Eli Lilly & Co.*, 119 F.3d 1559 (Fed. Cir. 1997), and *Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986), as having already rejected that argument.[2]   Although these cases are relevant, none on close inspection actually foreclose the petitioners' contention.   In *Volkswagen II*, for example, the court never addressed or applied the convenience factors and therefore could not have held that judicial economy could be determinative when the convenience factors strongly weigh in favor of transfer.   In *Regents*, the convenience factors did not clearly favor transfer, but were instead said to be "in equipoise."   119 F.3d at 1565.   Finally, despite the Seventh Circuit's strong statement in *Coffey*, it was dicta as the court in that case addressed neither factors of convenience nor factors of judicial economy.

As the petitioners see it, under § 1404(a), the convenience factors are deserving of "most importance."   We have certainly noted the importance of the convenience factors.   *See In re Genentech, Inc.*, 566 F.3d 1338, 1343

---

[2]   In *Volkswagen II*, 566 F.3d at 1351, this court reasoned that "[i]n this case, the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice."   Similarly, this court stated in *Regents* that "in a case such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues."   119 F.3d at 1565.   The Seventh Circuit in *Coffey* reasoned along the same lines, stating that "[t]he 'interest of justice' is a separate component of a § 1404(a) transfer analysis . . . and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result."   796 F.2d at 220.

(Fed. Cir. 2009) (noting that the convenience of the witnesses is "important"); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) ("As in *Volkswagen [I]*, *TS Tech*, and our most recent decision, *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009), there is a stark contrast in relevance, convenience, and fairness between the two venues."). In fact, *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009), held that "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer."

However, *Volkswagen I*, *TS Tech*, *Genentech*, *Hoffman*, and *Nintendo* did not present the court with a showing of judicial economy comparable to that in this case. In *Volkswagen I*, *TS Tech*, and *Nintendo*, considerations of judicial administration/judicial economy were neutral or were otherwise inapplicable to the outcome of the petition. At the same time, in *Hoffmann*, the court was presented with a case where there was no evidence that judicial economy favored venue in the Eastern District of Texas. Moreover, the plaintiff in *Hoffmann* was found to have "manipulate[d] the propriety of venue" in the Eastern District by transferring some 75,000 pages of documents to the district. 587 F.3d at 1337. Finally, in *Genentech*, this court was not faced with the analysis relating to judicial economy that is presented in this case. In contrast, as noted above, here the district court correctly held a denial of transfer would produce gains in judicial economy.

At the end of the day, § 1404(a) balances a number of case-specific factors, not just convenience. Further, § 1404(a) commits the balancing determination to the sound discretion of the trial court based not on per se rules but rather on an "individualized, case-by-case

consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *see also Volkswagen I*, 545 F.3d at 312 n.7 ("'Unless it is made clearly to appear that the facts and circumstances are without any basis for a judgment of discretion, the appellate court will not proceed further to examine the district court's actions in the situation.'" (citation omitted)).   Our reluctance to interfere is not merely a formality, but rather a long-standing recognition that a trial judge has a superior opportunity to familiarize himself or herself with the nature of the case and the probable testimony at trial, and ultimately is better able to dispose of these motions. *See A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 444 (2d Cir. 1966).

For those reasons, we find unpersuasive the petitioners' argument that their proposed bright-line rule favoring convenience factors would bring about more uniformity and fairness.   In *American Dredging Co. v. Miller*, 510 U.S. 443, 455 (1994), the Supreme Court explained that "[t]he discretionary nature of the doctrine, combined with the multifariousness of the factors relevant to its application . . . make uniformity and predictability of outcome almost impossible."   To that end, the Court has repeatedly rejected the use of per se rules in *forum non conveniens* analyses.   *See, e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981); *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947).

Petitioners further note that failure to adopt their rule may allow for inconvenient and costly trials and provide a safe harbor for defendants that artificially manipulate venue.   While these are perhaps valid concerns, we cannot say that there is enough justification here to depart from the above-mentioned principles. First, there is no evidence that such manipulation has occurred in this case.   Second, courts have consistently

held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) (emphasizing the importance that judicial economy and efficiency play in a § 1404(a) analysis); *Volkswagen II*, 566 F.3d at 1351; *Coffey*, 796 F.2d at 220.

## D.

The only matter left for the court to decide is whether the trial court improperly balanced judicial economy against convenience in this specific case. Although *Zimmer* demonstrates that a clear abuse of discretion in balancing convenience against judicial economy under § 1404 is not outside the scope of correctable error on mandamus review, 609 F.3d at 1382, the gain in judicial economy from keeping this case in the Eastern District of Texas is more than negligible. Here, the trial court became very familiar with the only asserted patent and the related technology during a prior litigation. That, coupled with the fact there is co-pending litigation before the trial court involving the same patent and underlying technology, provides a substantial justification for maintaining suit in the Eastern District of Texas. In addition, although some potential witnesses and sources of proof located in the transferee venue warrant weighing convenience factors in favor of transfer, no defendant party is actually located in the transferee venue and the presence of the witnesses in that location is not overwhelming. "Each case turns on its facts," *Koster*, 330 U.S. at 528, and the court's thorough analysis here suggests that this case was decided based on an "individualized, case-by-case consideration" of the relevant factors, balancing convenience and efficiency. *Van Dusen*, 376 U.S. at 622. We thus cannot say that the trial court's balancing was so unreasonable as to warrant the extraordinary relief of mandamus.

In sum, there are cases where to hold a trial court to a meaningful application of the § 1404(a) factors presents only one correct outcome. In those cases, mandamus may be appropriate. A case such as this, however, shows that a meaningful application of the factors often creates a reasonable range of choice. Under such circumstances, it is entirely within the district court's discretion to conclude that in a given case the § 1404(a) factors of public interest or judicial economy can be of "paramount consideration," *Volkswagen II*, 566 F.3d at 1351, and as long as there is plausible support of record for that conclusion we will not second guess such a determination, even if the convenience factors call for a different result.[3]

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

---

[3] Our holding today does not mean that, once a patent is litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue. However, where, as here, the trial court performed a detailed analysis explaining that it is very familiar with the only asserted patent and the related technology, and where there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, we cannot say the trial court clearly abused its discretion in denying transfer.

December 15, 2010                    /s/ Jan Horbaly
        Date                         Jan Horbaly
                                     Clerk

cc:  Thomas J. Friel, Jr., Esq.
     Michael W. Shore, Esq.