NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE ALIPHCOM,**
*Petitioner.*

---

Miscellaneous Docket No. 971

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in case no. 10-CV-02337, Judge Lucy H. Koh.

---

## ON PETITION

---

Before LOURIE, GAJARSA, and LINN, *Circuit Judges.*

LINN, *Circuit Judge.*

## O R D E R

Aliphcom petitions for a writ of mandamus to direct the United States District Court for the Northern District of California ("the district court") to vacate its order granting Wi-LAN, Inc.'s ("Wi-LAN") motion to transfer venue. Wi-LAN opposes. Aliphcom replies.

On April 7, 2010, Wi-LAN filed suit against twenty-eight defendants in the United States District Court for

the Eastern District of Texas ("the Texas district court") alleging infringement of U.S. Patent No. 5,515,369 ("the '369 patent"). That case is *Wi-LAN, Inc. v. Acer, Inc.*, Case No. 10-cv-00124 ("Texas Action"). The Texas Action complaint alleged that the different defendants sell products "compliant with the Bluetooth standards." Wi-LAN did not name Aliphcom in its original complaint.

On May 20, 2010, Wi-LAN sent Aliphcom a letter indicating its view that "Aliph's Jawbone® headset product practiced United States Patent Nos. 6,549,749 and 5,515,369 . . . ." Aliphcom responded by filing a declaratory judgment action in the United States District Court for the Northern District of California on May 27, 2010, asserting invalidity of the '369 patent and United States Pat. No. 6,549,759 ("the '759 patent"). Aliphcom subsequently amended its complaint to include claims for declaratory judgment of non-infringement of both patents and unenforceability of the '759 patent. This action is hereinafter referred to as the "Declaratory Judgment Action."

On June 2, 2010, Wi-LAN amended its complaint in the Texas Action to add claims that Aliphcom infringed both the '369 and the '759 patents. Wi-LAN also added claims of infringement against Cambridge Silicon Radio ("CSR"), the company that manufactures the Bluetooth chips used in Aliphcom's products.

In addition to the Texas Action, there is another case before the same judge in the Texas district court in which Wi-LAN has asserted the '759 patent. In that case, *Wi-LAN, Inc. v. Acer, Inc.* Case No. 07-cv-00473 ("Previous Texas Action"), Wi-LAN was granted leave to assert the '759 patent against various defendants (not including Aliphcom) on February 3, 2009. A claim construction order was issued in the Previous Texas Action on Sep-

tember 20, 2010, construing the disputed claim limitations in that action. Additionally, that case is scheduled for trial in February 2011, although a motion to defer the trial is pending before the trial court.

On July 28, 2010, Wi-LAN moved to transfer the Declaratory Judgment Action to the Texas district court, asserting that judicial efficiency supported the transfer, because the issues in the Declaratory Judgment Action overlapped with those in the Texas Action and the Previous Texas Action. The district court granted Wi-LAN's motion, concluding that "the risk of inconsistent judgments and waste of judicial resources must outweigh the equitable concern of Aliphcom's convenience in litigating its claims."

In reviewing a district court's ruling on a motion to transfer, this court applies the law of the regional circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003). The United States Court of Appeals for the Ninth Circuit reviews a district court's decision to transfer for abuse of discretion. *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.").

A party seeking a writ bears the burden of proving that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). Thus, in order to succeed, Aliphcom must demonstrate a clear and indisputable abuse of discretion by the district court. This court concludes that Aliphcom has failed to do so.

The district court acknowledged that in the present case there are multiple factors which might counsel against transfer, such as the locations of documents and witnesses and that Wi-LAN has admitted that it has no regular U.S. employees in Texas or elsewhere and no "robust" activities in Texas. However, the district court concluded that these convenience elements were outweighed by the concerns of judicial efficiency and inconsistent judgments presented by allowing two cases with overlapping claims to proceed in two different federal courts.

This court recently held that substantial justification for maintaining an action in a forum existed on the ground of judicial economy when, inter alia, there was co-pending litigation before the trial court involving the same patent and underlying technology. *See In Re Vistaprint*, Misc. No. 954, -- F.3d --, 2010 Westlaw 5136034 (Fed. Cir. Dec. 15, 2010). Specifically, this court explained "that having the same . . . judge handle this and the co-pending case involving the same patent would be more efficient than requiring another magistrate or trial judge to start from scratch." *Id. at *4.* Therefore, this court cannot say that the district court clearly and indisputably abused its discretion in ordering the declaratory judgment action transferred to the Eastern District of Texas. *Id.*

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

FEB 0 9 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Claudia Wilson Frost, Esq.
    Robert A. Cote, Jr., Esq.
    Clerk, United States District Court for the Northern
        District Of California

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 0 9 2011

JAN HORBALY
CLERK