NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE GOOGLE INC., ADOBE SYSTEMS INC., AMAZON.COM, INC., APPLE INC., CDW LLC, EBAY INC., JP MORGAN CHASE & CO., NEW FRONTIER MEDIA, INC., ORACLE AMERICA, INC., (FORMERLY KNOWN AS SUN MICROSYSTEMS INC.), PLAYBOY ENTERPRISES INTERNATIONAL, INC., STAPLES, INC., THE GO DADDY GROUP, INC., YAHOO! INC., AND YOUTUBE, LLC,**
*Petitioners.*

---

Miscellaneous Docket No. 968

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case nos. 09-CV-0446, Judge Leonard Davis.

---

## ON PETITION

Before PROST, MAYER, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

## ORDER

This is a petition for a writ of mandamus from an order denying a motion to transfer to the Northern District of California pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to sever and transfer plaintiff's claims against certain defendants. The petition arises out of a patent infringement suit against twenty-two defendants[1] brought by Eolas Technologies, Inc. (Eolas), the exclusive licensee of the patents-in-suit.

Eolas filed this suit in its home district, the Eastern District of Texas. Of the defendants, four reside in the forum, seven reside in the Northern District of California, and the remaining reside in other districts throughout the country. Several defendants moved to transfer the case to the Northern District of California. Alternatively, the defendants argued that, if any defendant served as a barrier to transfer, then the district court should sever the claims against that defendant and transfer the re-

---

[1] Among the petitioners, Google, Adobe, Apple, eBay Inc., Oracle, Yahoo! Inc., YouTube, LLC, are headquartered in the Northern District of California, Amazon.com, Inc. is headquartered in Seattle, Washington, CDW LLC and Playboy Enterprises International, Inc. are headquartered in Illinois, Go Daddy Group is headquartered in Arizona, New Frontier Media, Inc. is headquartered in Colorado, Staples, Inc. is headquartered in Massachusetts, and JPMorgan Case & Co. is headquartered in New York. Among the other defendants, Texas Instruments Inc. is headquartered in Dallas, Texas, Perot Systems Corp., Frito-Lay, Inc., J.C. Penney Company, Inc., and Rent-A-Center, Inc. are headquartered in the Eastern District of Texas, Citigroup Inc. is headquartered in New York, Argosy Publishing Inc. is headquartered in Massachusetts, and Office Depot, Inc. is headquartered in Florida. Originally, Blockbuster Inc. was also joined but has now been severed.

mainder of the case to the Northern District of California. The district court denied those motions. The district court explained that the Eastern District of Texas has a local interest in adjudicating this matter because Eolas maintains offices and is incorporated in the forum and because four defendants are also headquartered there. The court also explained that for those parties "it will be substantially more convenient for the case to continue in the Eastern District of Texas." *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-CV-00446, slip op. at 5 (E.D. Texas. Sept. 28, 2010) (hereinafter *Transfer Order*). The court also denied the petitioners' request to sever and transfer, explaining that the products, facts, and issues of law were significantly related and overlapping and that severance and transfer would not preserve judicial economy.

"[D]eference" the Supreme Court has stated "is the hallmark of abuse of discretion review." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1975). Our reluctance to interfere is not a formality. Section 1404(a) of title 28 of the United States Code provides that a district court "*may* transfer" a civil action to another court "[f]or the convenience of parties and witnesses, in the interest of justice." (emphasis added). Thus, the transfer statute itself commits the balancing determination to the sound discretion of the trial court based on its familiarity with the case and issues involved. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (citing *A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 444 (2d Cir. 1966)). Our authority here on mandamus review is narrow, confined solely to determining whether the trial court's denial of transfer produced a patently erroneous result. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc).

The district court did not abuse its discretion. With regard to the motion to transfer the entire action, the

district court first acknowledged that the Northern District of California would be more convenient for the seven defendants that reside there. *Transfer Order* at 5. But it similarly determined that four of the defendants were headquartered in the Eastern District of Texas and that for these parties "it will be substantially more convenient for the case to continue in the Eastern District of Texas." *Id.* "Where [defendants] are in different states there is no choice of forum that will avoid imposing inconvenience[.]" *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). We cannot hold that, on these facts, the district court abused its discretion in refusing to transfer the entire action.

We also cannot say that the trial court abused its discretion in refusing to sever and transfer the petitioners' claims to the Northern District of California. Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960); *see also Vistaprint*, 628 F.3d at 1346. Further, the district court noted that, in this case, "adjudicating infringement . . . will involve substantially overlapping questions of law or fact." *Transfer Order* at 3. This determination does not amount to an abuse of discretion.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

| | |
|---|---|
| **MAR 0 4 2011** | FOR THE COURT |
| Date | /s/ Jan Horbaly |
| | Jan Horbaly |
| | Clerk |

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 4 2011

JAN HORBALY
CLERK