NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE EMERSON ELECTRIC CO., AND MICRO MOTION, INC.,
*Petitioners.*

---

2014-108

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 6:12-cv-00799-LED, Judge Leonard Davis.

---

## ON PETITION

---

Before NEWMAN, MOORE and CHEN, *Circuit Judges.*

MOORE, *Circuit Judge.*

## O R D E R

Petitioners Micro Motion, Inc. and its parent company Emerson Electric Co. seek a writ of mandamus ordering the District Court for the Eastern District of Texas to transfer this case to the District Court for the District of Colorado.  Because petitioners fail to show that the district court committed a clear abuse of discretion, we deny the petition.

This petition arises out of a patent infringement dispute between competitors in the digital Coriolis flow-

meter market, an instrument used to measure the flow rate of liquids. Respondent Invensys Systems, Inc.'s complaint alleges that petitioners' accused products infringe its rights under several patents, entitling Invensys to injunctive relief and damages for lost profits and price erosion. Petitioners moved to transfer the case to the District of Colorado pursuant to 28 U.S.C. § 1404(a) because the majority of Micro Motion's employees and documents relating to the design and development of the accused products are located in Boulder, Colorado.

After considering the relevant transfer factors, the district court concluded that petitioners had failed to show that it was clearly more convenient for the parties and witnesses to transfer the case to the District of Colorado. Because the only identified non-party potential witnesses–two sales targets that Invensys claims to have lost to petitioners–reside in the Eastern District of Texas, the court found that the availability of compulsory process to secure the attendance of witnesses weighed slightly against transfer. The court found that the other factors were neutral because both venues had ties to the litigation, and witnesses and evidence were "scattered across the United States and Europe," including relevant documents and witnesses in or in close proximity to both the District of Colorado and Eastern District of Texas.

The standard for mandamus is exacting. The writ is available only upon a showing that the denial of transfer was a "clear abuse of discretion" such that refusing transfer produced a "patently erroneous result." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008) (en banc); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). A request to direct transfer will be denied if there is plausible support in the record for the district court's conclusions. *See Vistaprint*, 628 F.3d at 1347.

Petitioners argue that, under a proper § 1404(a) analysis, the district court committed a clear abuse of discre-

tion when it declined to transfer the case to the District of Colorado. They contend that the district court failed to accord proper weight to the witnesses and evidence in Colorado and gave too much consideration to the non-party witnesses in the Eastern District of Texas. They further contend that the district court exaggerated the significance of the Eastern District of Texas's local ties to the litigation. Lastly, petitioners argue that the district court "ignor[ed] that the District of Colorado resolves patent cases more quickly than the Eastern District of Texas."

Invensys responds that the district court took proper account of the facts and § 1404(a) considerations in concluding that the case should remain in the Eastern District of Texas. They contend that the District of Colorado is not clearly more convenient because: (1) three of Invensys's potential employee witnesses work in the company's office in the Eastern District of Texas and three additional potential employee witnesses reside in either Kaufman or Houston, Texas; (2) Invensys maintains all of its financial information in its 60-person office in the Eastern District of Texas; and (3) oil and gas companies, which utilize the accused products, are concentrated in the Eastern District of Texas.

We agree with Invensys that petitioners have not shown entitlement to mandamus relief. While touting the convenience of the District of Colorado, petitioners did little in way of demonstrating that there was actually a stark contrast in the number of party witnesses located in or in close proximity to the two venues; the declarations they submitted to the district court identified with particularity only two individuals in Colorado as potential witnesses. In addition, petitioners do not contest that the two customers residing in the Eastern District of Texas may have relevant and material information relating to the damages portion of the case and could be potential witnesses. Moreover, the court found that local ties to

this dispute were roughly comparable because industries utilizing the accused products are concentrated in the Eastern District of Texas and both parties maintained operations in the plaintiff's chosen forum.  In light of these facts, we cannot say that the district court committed a clear abuse of discretion when it declined to transfer the case to the District of Colorado.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for a writ of mandamus is denied.

(2)  Invensys's unopposed motion to withdraw Dale Lazar as counsel is granted.

(3)  Invensys's unopposed motion to supplement the record is granted.

FOR THE COURT
/s/ Daniel E. O'Toole
    Daniel E. O'Toole
    Clerk of Court

s19