NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE GROUPON, INC.,**
*Petitioner.*

---

2014-118

---

On Petition for a Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 6:12-CV-00486-MHS, Judge Michael H. Schneider.

---

**ON PETITION**

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

### O R D E R

Groupon, Inc. seeks a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer the case to the United States District Court for the Northern District of Illinois. Blue Calypso, Inc. opposes.  Groupon replies.

Groupon and Blue Calypso both compete in the digital social advertising market.  In July 2012, Blue Calypso filed the underlying complaint at the Eastern District of

Texas, alleging that Groupon infringed its patented methods and systems for targeted advertising. In October 2012, Groupon moved to transfer the case to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a), where Groupon maintains its corporate headquarters and where some potential witnesses and evidence related to the case are located.

The district court issued an order denying Groupon's motion. The district court considered all the relevant transfer factors, and it concluded that the balance of factors weighed against transfer. The court held that one private interest factor, the availability of compulsory process to secure the attendance of witnesses, weighed slightly in favor of transfer because at least one more third party witness was identified in the Northern District of Illinois. The court, however, found that Groupon had failed to establish that the transferee venue was clearly more convenient, noting relevant documents and potential witnesses, including the inventors, are located in or near the Eastern District of Texas.

Groupon's petition for a writ of mandamus seeks to vacate that order. The standard for mandamus is exacting. The writ is available only upon a showing that the denial of transfer was a "clear abuse of discretion" such that refusing transfer produced a "patently erroneous result." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008) (en banc); *In re Vistaprint Ltd.,* 628 F.3d 1342, 1344 (Fed. Cir. 2010). Put differently, a request to direct transfer will be denied if there is plausible support in the record for the district court's conclusions. *See Vistaprint,* 628 F.3d at 1347.

Groupon contends that the "bulk" of the witnesses and evidence are in the Northern District of Illinois and the transferee venue has a stronger local interest in the

litigation. Groupon further contends that the district court failed to give proper weight to the location of non-party witnesses located in or near the Northern District of Illinois. Blue Calypso responds that transferring the case would make trial inconvenient for the witnesses located in or near the Eastern District of Texas.

We agree with Blue Calypso that Groupon has not shown entitlement to mandamus relief. Blue Calypso filed this case where it is headquartered and where it developed the patented invention. Its founder and chief technical officer and at least two non-party witnesses are in the Eastern District of Texas, along with all of its documents. While Groupon identified at least one more non-party witness in the transferee venue, we are not prepared to say that the district court's weighing of all of the factors was clearly incorrect.

In sum, Groupon has failed to meet its exacting burden to demonstrate that the district court was clearly and indisputably incorrect in concluding that the case should not have been transferred to the Northern District of Illinois. We therefore deny its petition.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

> FOR THE COURT
> /s/ Daniel E. O'Toole
>     Daniel E. O'Toole
>     Clerk of Court

s24