NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE ALTAIR ENGINEERING, INC.,**
*Petitioner.*

---

2014-120

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 6:12-CV-806, Chief Judge Leonard Davis.

---

**ON PETITION**

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

Altair Engineering, Inc., the defendant in the underlying patent infringement action, seeks a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer the case to the United States District Court for the Eastern District of Michigan, where Altair is headquartered. Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, Uniloc) oppose.

Applying Fifth Circuit law in cases from district courts in that circuit, this court has granted writs of

mandamus to correct motions denying transfer pursuant to 28 U.S.C. § 1404(a). *In re TS Tech USA Corp.*, 551 F.3d 1315, 1323 (Fed. Cir. 2008). But, in seeking mandamus, Altair must "demonstrate that the court's denial of transfer was so patently erroneous as to amount to a clear abuse of discretion." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). A request to direct transfer will be denied if there is plausible support in the record for the district court's conclusions. *See Vistaprint*, 628 F.3d at 1347.

Here, the district court concluded that all but two of the relevant transfer factors were neutral because both venues had ties to the litigation and potential witnesses resided in close proximity to both courts. Although the district court found that the sources of proof factor "slightly" favored transfer, it observed that the case against Altair was one of three then-pending cases[*] involving the same patent and plaintiffs, and "[k]eeping these co-pending cases will preserve time and resources for the parties and the Court," while transfer would "duplicate efforts in multiple courts[.]" Concluding that, on the whole, Altair had not demonstrated that the Eastern District of Michigan was a clearly more convenient venue, the court denied the motion to transfer.

We cannot say that the high standard required for mandamus has been met here. While all of the other co-pending infringement suits brought by Uniloc have now been dismissed, "a district court may properly consider any judicial economy benefits which would have been

---

[*]  While at the time of the original complaint twelve total cases involving the same plaintiffs and patent had been consolidated, nine cases had been dismissed when the district court issued its decision.

apparent at the time the suit was filed," including those arising from having the same judge handle suits against multiple defendants involving the same patents and technology. *In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013); *cf. Vistaprint*, 628 F.3d at 1346-47 n.3.

In considering the other relevant transfer factors, the district court concluded that Altair failed to demonstrate that the location of potential witnesses and other relevant considerations show that the transferee venue is clearly more convenient. Based on the arguments raised in the papers, we are not prepared to say that conclusion was patently erroneous. We therefore conclude that Altair has not met its heavy burden for mandamus relief and deny its petition.

Accordingly,

IT IS ORDERED THAT:

Altair's petition for a writ of mandamus is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s23