NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

### In re: CANON INC., CANON U.S.A., INC.,
*Petitioners*

---

2022-131

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00981-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges*.

DYK, *Circuit Judge*.

### O R D E R

Canon Inc. and Canon U.S.A., Inc. ("CUSA") (collectively, "Canon") petition this court for a writ of mandamus directing the United States District Court for the Western District of Texas ("WDTX") to transfer the case to the United States District Court for the Eastern District of New York ("EDNY") based on improper venue and inconvenient forum. For the reasons below, we deny the petition.

## BACKGROUND

WSOU Investments d/b/a Brazos Licensing and Development ("Brazos") filed two separate patent infringement lawsuits against Canon Inc. and CUSA in the Waco division of WDTX: one alleging infringement of U.S. Patent No. 7,054,346 ("the '346 patent"), and the present action alleging infringement of U.S. Patent No. 7,116,714.

In both cases, Canon moved to transfer to EDNY based on (1) improper patent venue over CUSA (28 U.S.C. §§ 1400(b), 1406(a)), and (2) inconvenient forum (28 U.S.C. § 1404(a)); the district court denied both motions. The issues concerning whether venue over CUSA is proper in WDTX are the same in both cases and are addressed in the companion order for Appeal No. 2022-130.

For the § 1404 analysis, the court determined that Canon had failed to show that EDNY was clearly more convenient. The court noted, among other things, that judicial economy considerations weighed significantly against transfer because of the co-pending '346 patent case "involving the same parties and similar technology, "filed on the same day, [ ] proceeding on similar schedules, and hav[ing] the same Markman hearing date," Appx 27.

Canon's petition challenges the denial of transfer based on improper venue and § 1404. We have jurisdiction pursuant to 28 U.S.C. § 1651(a) and 28 U.S.C. § 1295(a)(1).

## DISCUSSION

A writ of mandamus is an extraordinary remedy and requires the petitioner to show three conditions are met: (1) it has no adequate alternative means for relief, (2) it has a clear and indisputable right to the requested relief, and (3) mandamus is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Canon has not made that showing.

In a separate order issued today in Appeal No. 2022-130, we denied Canon's petition seeking to direct transfer of the case involving the '346 patent out of WDTX. And Canon does not dispute the district court's finding that "[s]ignificant judicial economy would be gained by trying [this case and the '346 patent case] in the same court," Appx 27. *See* Pet. at 25–26 (only arguing error in the court's finding if the '346 patent case were to be transferred).

Moreover, the district court's judicial economy findings do not stand alone in supporting its denial of transfer here. The district court also found that the design and development of the accused products occurred entirely outside of the transferee venue in Japan, where the bulk of the important relative sources of proof would also be located. The court further found that WDTX had a comparative advantage over EDNY in being able to compel the testimony of potential third-party witnesses.

Under the particular circumstances of this case, we are not convinced the extraordinary remedy of mandamus is warranted to direct transfer. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010) (noting mandamus may be denied where "there is plausible support of record" for the district court's transfer decision).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

April 22, 2022                                 /s/ Peter R. Marksteiner
      Date                                        Peter R. Marksteiner
                                                  Clerk of Court