NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  FIRST ALERT, INC., BRK BRANDS, INC.,**
*Petitioners*

---

2023-137

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00566-ADA-DTG, Judge Alan D. Albright.

---

**ON PETITION**

---

Before CHEN, MAYER, and STOLL, *Circuit Judges*.

PER CURIAM.

### O R D E R

The United States District Court for the Western District of Texas denied First Alert, Inc. and BRK Brands, Inc.'s (collectively, "First Alert") motion to transfer this case to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a).[*]  First Alert

---

[*]    First Alert's petition also sought to direct the district court judge to rule on First Alert's objections to the magistrate judge's denial of transfer, but that issue was

now seeks a writ of mandamus directing the district court to grant its transfer motion. Walter Kidde Portable Equipment Inc. ("Walter Kidde") opposes the petition. We deny the petition.

Walter Kidde filed this suit in the Waco Division of the Western District of Texas against First Alert, which has an in-district facility in El Paso that performs operations relevant to the accused alarms. Walter Kidde claims, among other things, that First Alert infringes two patents invented by Joseph DeLuca, a former employee of both Walter Kidde and First Alert. First Alert filed a motion to transfer to the Northern District of Illinois, where First Alert is headquartered and where First Alert asserted Mr. DeLuca resides. In March 2023, a magistrate judge denied the motion. On June 22, 2023, the district court overruled First Alert's objections to the magistrate's order.

First Alert now petitions this court to issue a writ of mandamus to direct the district court to grant its transfer motion. On mandamus, we review a district court's denial of § 1404(a) transfer under the relevant regional circuit's law (here, the law of the United States Court of Appeals for the Fifth Circuit) and ask only whether the denial of transfer was such a "'clear' abuse of discretion" that it produced a "patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). We discern no such abuse here.

Under Fifth Circuit law, the party seeking transfer must show that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Volkswagen*, 545 F.3d at 315. Here, the district court considered the relevant § 1404(a) factors. It found that First

---

mooted when the district court judge overruled the objections. ECF No. 9.

IN RE: FIRST ALERT, INC.                                                    3

Alert had failed to show that Mr. DeLuca resides in Northern Illinois; that Walter Kidde had shown the Western District of Texas would be more convenient for potential First Alert employee witnesses and non-party witnesses (including component suppliers, companies associated with the distribution of the accused products, and a First Alert former employee); that both districts had sources of proof located within them; and that the Western District of Texas is likely to be faster in adjudicating the litigation.

First Alert challenges the court's findings with respect to Mr. DeLuca and potential witnesses in the Western District of Texas and contends that more weight should have been assigned to the sources of proof in the Northern District of Illinois. But those arguments do not get First Alert very far on mandamus. Such case-specific, fact-intensive matters are principally entrusted to the district court, which is generally in a better position than this court to make such determinations. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). And First Alert's petition fails to present a convincing basis for disturbing those findings under the heightened standard for mandamus review.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 17, 2023                    /s/ Jarrett B. Perlow
     Date                          Jarrett B. Perlow
                                   Clerk of Court