NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **RINGCENTRAL, INC.,**
*Petitioner*

2023-139

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00259-ADA, Judge Alan D. Albright.

**ON PETITION**

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge*.

**O R D E R**

RingCentral, Inc. petitions this court for a writ of mandamus directing the United States District Court for the Western District of Texas to either dismiss this case for improper venue or transfer this case to the United States District Court for the Northern District of California.  Marble VOIP Partners LLC opposes the petition.  For the following reasons, we deny the petition.

I.

Marble filed its complaint alleging patent infringement against RingCentral in the Western District of Texas. RingCentral moved to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or alternatively to transfer to the Northern District of California for convenience pursuant to 28 U.S.C. § 1404(a).   Following venue discovery, Marble filed an amended complaint alleging for the first time that venue was proper based on an in-district office leased by RingCentral, and RingCentral renewed its motion to dismiss or alternatively transfer.

The district court denied RingCentral's motion.  In concluding that venue was proper, the district court acknowledged that the in-district office space was leased after the date of the original complaint; the initial term was only for six months; and it was "not listed on RingCentral's website, in a telephone directory, or identified by a RingCentral sign at the location."  App. 6–12.  However, the district court concluded that the space nevertheless constituted RingCentral's "regular and established place of business" in the district, 28 U.S.C. § 1400(b), reasoning "the agreement leases a particular office suite for RingCentral's use;" the lease "continues indefinitely until" terminated by a party; RingCentral "has control over whether the office space continues to be leased;" and RingCentral "uses the office space to engage in its business."  App. 9, 11–12.

In denying RingCentral's request to transfer for convenience, the district court considered various factors bearing on the analysis.  *See* App. 12–27.  It held that RingCentral had failed to demonstrate that the Northern District of California was clearly more convenient than the Western District of Texas. App. 27.  RingCentral then filed this petition.   We have jurisdiction under 28 U.S.C. § 1651(a) and 28 U.S.C. § 1295(a)(1).

## II.

For RingCentral to establish entitlement to the "extraordinary remedy" of a writ of mandamus, it must show that: (1) it has "no other adequate means to attain the relief [it] desires;" (2) the right to the writ is "clear and indisputable;" and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citations omitted). RingCentral's petition has not met that demanding standard.

## A.

RingCentral primarily challenges the venue ruling, but RingCentral has another adequate, alternative means to raise this challenge. It can seek to overturn the venue ruling on appeal after final judgment. *See In re Monolithic Power Sys., Inc.* 50 F.4th 157, 159 (Fed. Cir. 2022) ("[O]rdinarily, mandamus relief is not available for" these types of rulings "because post-judgment appeal is often an adequate alternative means for attaining relief." (citation omitted)). RingCentral does not point to irreparable harm that will go unaddressed if we do not grant mandamus or some important need for judicial administration that might warrant the extraordinary step of immediate review here. *See In re Canon Inc.*, No. 2022-130, 2022 WL 1197337, at *2 (Fed. Cir. Apr. 22, 2022) ("At most, [petitioner's] arguments suggest that the district court's decision is an outlier capable of postjudgment review.").

Nor has RingCentral's petition shown a clear and indisputable right to dismissal. In particular, RingCentral has not shown that the district court clearly abused its discretion in resting its venue determination on the in-district leased office space identified in Marble's amended complaint despite the lease not existing at the time of the original complaint. *See* Fed. R. Civ. P. 15(a), (d); *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) (explaining that "the proper focus" is generally on "the facts existing at the time the complaint *under*

*consideration* was filed" (citations omitted)); *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1376 (Fed. Cir. 2021) ("We are unaware of any instance, and none has been called to our attention, in which a court has denied transfer based on the original complaint despite an amended complaint establishing proper venue."); *see also Mathews v. Diaz*, 426 U.S. 67, 75 (1976) (indicating that even jurisdictional defects can be cured through post-complaint pleadings); *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 44 (1st Cir. 2020) (same); *Woods v. Ind. Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 884 (7th Cir. 1993) (noting that corrected pleadings under Rule 15 have been uniformly applied to allow parties to "cure defective statements of jurisdiction or venue.").

RingCentral relies primarily on the Supreme Court's decision in *Hoffman v. Blaski*, 363 U.S. 335 (1960). But unlike here, *Hoffman* concerned forum manipulation from a defendant's unilateral, post-suit consent to suit elsewhere. *Id.* at 344. Moreover, *Hoffman* "did not involve or address the filing of an amended complaint." *Samsung*, 2 F.4th at 1376. For these reasons, we deny mandamus based on RingCentral's main argument. We will also not grant mandamus based on RingCentral's other argument that the leased space does not constitute a "regular and established" place of business within the meaning of § 1400(b).

### B.

RingCentral also challenges the district court's decision to deny transfer under § 1404(a), which we review under regional circuit law, here the United States Court of Appeals for the Fifth Circuit. *Samsung*, 2 F.4th at 1375 (citation omitted). We review such denial of transfer rulings on mandamus only to see if there was such a clear abuse of discretion that refusing transfer amounted to a patently erroneous result. *See id.* (citation omitted)*; In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)

(citation omitted). We cannot say that such a clear abuse of discretion occurred here.

The district court weighed the relevant factors based on the record and concluded that RingCentral had not shown that the transferee venue was clearly more convenient. *See* App. 12–27. It explained, among other things, that more RingCentral employees residing in the Western District of Texas have relevant and material information compared to the transferee venue; that the Western District of Texas has subpoena power over at least one third-party potential witness (the president of RingCentral's distributor); and that judicial economy considerations weighed at least slightly in favor of keeping this case in the Western District of Texas because of related pending litigation. *See id.* We are not prepared based on the arguments raised in the papers here to say that the district court's conclusion that the transferee venue is not clearly more convenient is "so unreasonable" as to warrant mandamus relief. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

September 29, 2023                    /s/ Jarrett B. Perlow
          Date                       Jarrett B. Perlow
                                     Clerk of Court