NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re APPLE INC.,**
*Petitioner*

---

2024-129

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 7:23-cv-00077-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

## O R D E R

Apple Inc. seeks a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this patent infringement action to the United States District Court for the Northern District of California. Resonant Systems, Inc. opposes.

In June 2023, Resonant brought this suit in the Western District of Texas, alleging that various models of Apple's mobile phones, computers, and watches infringe four patents relating to haptic feedback devices. Apple filed a motion to transfer the action to the Northern District of

California pursuant to 28 U.S.C. § 1404(a). To support its contention that "Apple engineers who research, design, develop, and implement the Taptic Engines in the accused products are almost all in California," Appx101, Apple relied on a declaration submitted by Chang Zhang, an engineer who manages Apple's team responsible for taptic engines in the accused computer products.

Resonant opposed the transfer motion, arguing that Zhang's declaration was unreliable and "artificially limited" to "Taptic Engine" technology "rather than all of the accused components" at the expense of potential witnesses and evidence "in Austin[, Texas] and elsewhere." Appx762. Resonant contended that it "expects that the trial will focus on the claimed driving component and control component" of Apple's products, which it argues are not addressed by Apple's motion and declarations, and that it "intends to prove at trial that amplifier components supplied by Cirrus Logic of Austin, Texas contribute to infringement of the claimed driving component and/or control component." Appx136. Resonant also identified several Cirrus Logic employees in the Western District that "have relevant information about the operation, marketing, and/or accounting of" these components. Resp. at 9.

The district court denied Apple's motion, relying on potential witnesses from Cirrus Logic, sources of proof and connections in the Western District of Texas, and on what the court viewed as deficiencies in Apple's motion and supporting declarations. In particular, the court explained that Mr. Zhang's declaration "ignore[d]" components "which Resonant contends are infringing"; was "unclear" whether he could "speak for the other five design and engineering teams, as [Mr.] Zhang spends no time whatsoever describing the interplay between teams or whether he has any oversight over them"; and failed to identify any of the employees on his and other teams or provide information as to what, if any, relevant and material information was

in their possession.  Appx11–12, 19.   We have jurisdiction under 28 U.S.C. §§ 1295(a)(1), 1651.

We apply regional circuit law on review of a denial of a motion to transfer under § 1404(a).  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  Under Fifth Circuit law, transfer "is properly granted only if the moving party clearly establishes good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice," *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (cleaned up), and we review the denial of transfer on mandamus only for a "clear abuse of discretion," *TS Tech*, 551 F.3d at 1318.

Apple's arguments concerning the witness factors challenge the weight and significance accorded to its declarants, other unnamed Apple employees, and third-party suppliers in both venues.  We are not prepared to say that the district court clearly abused its discretion in making what here was a case-specific assessment of the record that it was uniquely well-positioned to do.  *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).  The court reasonably found on this record that the Western District of Texas is convenient for individuals with information relevant and material to the allegations in this case.  And the court plausibly found deficiencies in Apple's declarations and presentations of the evidence concerning unidentified individuals as witnesses and failure to provide information about the location of witnesses and sources of proof related to what the court reasonably deemed as relevant components at this stage of the litigation.  We have considered Apple's arguments on the other transfer factors and find them unpersuasive to warrant granting this extraordinary relief.

Accordingly,

4                                                                    IN RE APPLE INC.

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 21, 2024
Date