NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re KIA CORP., KIA AMERICA, INC.,**
*Petitioners*

---

2024-138

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:23-cv-00437-JRG, Chief Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Kia Corp. and Kia America, Inc. (collectively, "Kia") petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas ("EDTX") to transfer this action to the United States District Court for the Central District of California ("CDCA").  Emerging Automotive LLC ("EA") opposes the petition.  Kia replies.

In September 2023, EA brought this suit against Kia in EDTX as well as a separate suit in EDTX against Toyota Motor North America, Inc. and its affiliates (collectively,

"Toyota"), alleging infringement of the same three patents. The cases were consolidated for pre-trial proceedings.

Kia moved to transfer this case under 28 U.S.C. § 1404(a) to CDCA.[1] On June 14, 2024, the district court denied the motion. Analyzing the public- and private-interest factors, the court determined that its adjudication of this and the *Toyota* case would benefit judicial economy; that EDTX is home to potential witnesses and evidence; and that no physical evidence or unwilling third-party witnesses are in CDCA.[2] This petition followed. We have jurisdiction. *See* 28 U.S.C. §§ 1295(a)(1) and 1651(a); *In re Princo Corp.*, 478 F.3d 1345, 1351–52 (Fed. Cir. 2007).

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Our review of transfer decisions is governed by the law of the regional circuit, here the United States Court of Appeals for the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Applying Fifth Circuit law, we grant mandamus only when there is such a "clear" abuse of discretion that it produced a "patently erroneous result." *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). Under this highly deferential standard, we will not disturb a transfer decision unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Volkswagen*, 545 F.3d at 312 n.7 (citation omitted). Kia fails to make that showing here.

It was not clear error for the district court to consider the potential judicial economy benefit to resolving both this

---

[1] Toyota has not moved to transfer the consolidated action out of EDTX.

[2] There is no dispute that the action meets the threshold requirement for transfer under § 1404(a) that the action "might have been brought" in CDCA.

case and the *Toyota* case, which it noted involve "substantially similar" accused technologies and three of the same patents. Appx24; *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). While we have recognized that the benefits of transfer based on other considerations might be so clear that denial of transfer based on judicial economy alone cannot be supported, *see, e.g., In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021), we cannot say that Kia has shown here the type of imbalance on the other factors to warrant disturbing the district court's refusal to transfer on mandamus review.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

October 1, 2024
Date

Jarrett B. Perlow
Clerk of Court