NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re QUALCOMM INCORPORATED, APPLE INC.,**
*Petitioners*

---

2025-123

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00346-ADA, Judge Alan D. Albright.

---

**ON PETITION AND MOTION**

---

Before REYNA, MAYER, and CHEN, *Circuit Judges*.

PER CURIAM.

## O R D E R

Qualcomm Incorporated petitions for a writ of mandamus directing the United States District Court for the Western District of Texas ("WDTX") to vacate its order denying Qualcomm and Apple Inc.'s motion to transfer pursuant to 28 U.S.C. § 1404(a) and to transfer this action to the United States District Court for the Northern District of California ("NDCA").  Apple moves to join the petition. Red Rock Analytics, LLC opposes the petition but does not oppose Apple's motion.  Qualcomm and Apple jointly reply in support of the petition.

Red Rock filed the underlying suit against Qualcomm and Apple (collectively, "the Petitioners") in WDTX, alleging that products with a 5G wireless transmitter infringe U.S. Patent No. 7,346,313, entitled "Calibration of I-Q Balance in Transceivers." The Petitioners moved to transfer the case to NDCA pursuant to 28 U.S.C. § 1404(a). After analyzing the public and private interest factors that govern transfer decisions under the law of the United States Court of Appeals for the Fifth Circuit, the district court concluded that Qualcomm and Apple had not shown NDCA to be clearly more convenient and denied the motion.

Specifically, the district court determined that two of the factors weigh against transfer, even if one (relative ease of access to sources of proof) did so only slightly, and that the remaining factors were neutral. The court noted that "both venues contain witnesses with specialized knowledge not found in the other venue," Appx0013; a third-party component manufacturer (Samsung Austin Semiconductor ("SAS")) has employees that are potential witnesses and maintains relevant technical and testing documents in WDTX; documents in NDCA are in electronic format; and while Apple is headquartered in NDCA, both Apple and Qualcomm have significant relevant operations in WDTX where research related to the accused products and development of applicable hardware features were performed, Appx0024.

Qualcomm and Apple now challenge the district court's denial of transfer under § 1404(a). We apply regional circuit law under such circumstances. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Under Fifth Circuit law, transfer "is properly granted only if the moving party clearly establishes good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice," *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (cleaned up), and we review the denial of transfer on mandamus only for a "clear abuse of

discretion," *TS Tech*, 551 F.3d at 1318. We cannot say that the Petitioners have satisfied that demanding standard here.

To be sure, the fact that the Petitioners maintain offices in WDTX does not, standing alone, necessarily make that forum convenient or give it a local interest. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319–1320 (Fed. Cir. 2021). But here, the district court found that events giving rise to this patent infringement suit occurred in both forums and both have potential witnesses with material and relevant information. The Petitioners challenge the district court's finding that both sides "point to a variety of possible witnesses who may serve roles within this lawsuit," including I-Q calibration and "relevant knowledge of the claimed hardware." Appx0010. But we cannot say under the circumstances here that the court's case-specific assessment of this record was a clear abuse of discretion. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).

The Petitioners further argue that the district court erred in its analysis of the compulsory process factor in stating that "[i]t is unlikely that any of the prior art inventors or paper authors [in NDCA] who were hand-picked by the Defendants will testify at trial." Appx0018. While the Petitioners are correct that such categorical assumptions are generally not helpful in the analysis of transfer under § 1404(a), *Juniper*, 14 F.4th at 1319; *see Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (requiring an "individualized, case-by-case consideration of convenience and fairness" (citation omitted)), they failed to show that any of these potential witnesses are unwilling to testify. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022) (holding that this factor "receives less weight when it has not been alleged or shown that any witness would be unwilling to testify").

Finally, the Petitioners contend that the district court erred in refusing to weigh the sources of proof factor in

favor of transfer by finding that "[n]either party has presented a compelling argument for an increased ease of access to sources of proof being present in either venue," Appx0016, and that third party SAS's technical and testing documents in WDTX "are likely to be of some limited importance," *id.*  Specifically, the Petitioners contend that some of the electronically stored documents "are not accessible remotely from WDTX" or at least not accessible to employees of the Petitioners remotely from WDTX.  Pet. at 27.  The Petitioners, however, failed to specifically identify any access restrictions in their initial motion to transfer and supporting declarations before the trial court.  Under these circumstances, we decline to consider the argument.

Accordingly,

IT IS ORDERED THAT:

(1)  Apple's motion for joinder is granted, and the petition is denied.

(2)  The official caption is revised as reflected in this order.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 24, 2025
         Date