NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE CASHMAN EQUIPMENT COMPANY, CATERPILLAR GLOBAL MINING, LLC, CATERPILLAR INC., RAPTOR MINING PRODUCTS (USA), INC., AND RAPTOR MINING PRODUCTS, INC.,**
*Petitioners.*

---

2014-154

---

On Petition for Writ of Mandamus to the United States District Court for the Central District of Illinois in No. 1:13-cv-1409, Judge Sara Darrow.

---

**ON PETITION**

---

Before NEWMAN, DYK, and HUGHES, *Circuit Judges.*

DYK, *Circuit Judge.*

## O R D E R

Petitioners Cashman Equipment Company, Caterpillar Inc. et al., and Raptor Mining Products (USA), Inc. et al., defendants in the underlying patent infringement action, seek a writ of mandamus directing the United States District Court for the Central District of Illinois to reverse its order re-transferring the case to the United

States District Court for the District of Nevada.  Respondents ESCO Corp. and ESCO Canada, which brought suit against petitioners initially in the District of Nevada, oppose the petition.

ESCO Corp. and ESCO Canada design, manufacture, and sell mining, infrastructure, and industrial parts and tools.  Caterpillar Global Mining, LLC and Illinois-based Caterpillar, Inc. manufacture, among other things, heavy equipment for use in construction and mining.  Raptor is a supplier of Caterpillar.  Cashman, a Nevada corporation, sells Caterpillar products in Nevada and California.

Caterpillar filed suit in the Central District of Illinois, seeking a declaration that its locking system product did not infringe three of ESCO's patents.  ESCO then filed an infringement action in the District of Nevada.  In addition to naming Caterpillar as a defendant, ESCO joined ESCO Canada as a plaintiff, which in turn, claimed infringement of one of its own patents.  ESCO also named Raptor and Cashman as defendants.  The actions were consolidated, and the Nevada court transferred to Illinois.

In its transfer order here on review, the Central District of Illinois held that, because it would have lacked personal jurisdiction over Cashman at the time ESCO filed its complaint, the District of Nevada had erred in concluding that ESCO's action was one that "might have been brought" in the Central District of Illinois under 28 U.S.C. § 1404(a).  In so doing, the court determined that it was unable to find Cashman had continuous and systematic contacts with Illinois to warrant general jurisdiction.

The court further concluded that it lacked specific jurisdiction over Cashman.  The court explained that Cashman had only sold the accused products in Nevada and California.  The court recognized that Cashman had been accused of procuring the accused products from Caterpillar's warehouses and offices in Illinois.  But it found that was insufficient to establish jurisdiction be-

cause such purchase was not the reason Cashman was subjected to claims of infringement.

Because transferring the case back to Nevada was the only way to adjudicate the related consolidated cases together, the court granted respondents' motion. Before this court, petitioners argue that the Illinois court in fact has jurisdiction over Cashman and therefore erred in failing to consider its allegations of forum shopping and whether the Central District of Illinois would be more convenient to try the consolidated cases.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). That standard is an exacting one, requiring the petitioner to establish that the district court's decision was so clearly incorrect that it amounted to a patently erroneous result. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010). No such abuse occurred in this case.

To begin with, we agree that the consent of petitioners alone was insufficient to justify the Nevada court's initial transfer of the cases to Illinois. Indeed, the Supreme Court has made clear that "the power of a District Court under § 1404(a) to transfer . . . [does not] depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).

Likewise, we agree with the district court that petitioners have not shown that this case falls within the exception that allows for transfer "to any district or division to which all parties have consented." § 1404(a). Though Caterpillar, Cashman, and Raptor may have consented to jurisdiction in Illinois, the ESCO plaintiffs, who moved for the transfer to Nevada and opposed transfer from Nevada to Illinois, have not.

The district court, moreover, did not clearly err in concluding that petitioners have not established general jurisdiction over Cashman in the Illinois court. The activity that petitioners identified for establishing general jurisdiction in Illinois—communicating with Caterpillar employees, purchasing equipment from Caterpillar in Illinois, and occasionally sending employees for training and dealer meetings in Illinois—was deemed insufficient by the Supreme Court in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416-18 (1984).

The district court further concluded that the claims against Cashman did not "'aris[e] out of' and 'relat[e] to' the defendant's alleged manufacturing, using, or selling of the claimed invention" in Illinois. *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). It may well be that the district court was correct in distinguishing, for purposes of specific jurisdiction, between selling in Illinois and procuring the accused products in Illinois for sale elsewhere. We need not decide, and express no view, on that conclusion, for we are satisfied that the court's conclusion, at a minimum, was not a clear abuse of discretion or usurpation of power.

Petitioners make much out of the fact that Caterpillar filed its action in the Central District of Illinois before ESCO and that its contacts in that district make it perhaps more convenient for trial. But because they did not satisfy the threshold question in a transfer decision of whether the case "might have been brought" in Illinois, the district court did not abuse its discretion in failing to address those arguments. We therefore deny their petition.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

IN RE CASHMAN EQUIPMENT COMPANY                              5

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s24